UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNESTINE BLAKE,<br><br>                              Plaintiff,<br><br>     - against -<br><br>LTD FINANCIAL SERVICES, LP<br>MIKE WILLIAMS,<br><br>                              Defendants. | **ECF FILING**<br><br>Case No. 07 Civ. 7502 (SAS)<br><br>**ANSWER** |

Defendant, LTD FINANCIAL SERVICES, LP, by and through its attorneys, HINSHAW & CULBERTSON LLP as and for its Answer to Plaintiff's Complaint, states as follows:

## INTRODUCTION

1.     Denies the allegations contained in paragraph 1 of the Complaint, except admits that plaintiff purports to proceed as stated therein.

## JURISDICTION AND VENUE

2.     Denies the allegations contained in paragraph 2 of the Complaint, except admits that jurisdiction is proper pursuant to 28 U.S.C. § 1331 and that venue is proper in this District.

## PARTIES

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.     Admits the allegations contained in paragraph 4 of the Complaint.

5.     Denies the allegations contained in paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.  Denies the allegations contained in paragraph 8 of the Complaint, except admits that it telephoned plaintiff in June 2007 regarding collection of a debt.

9.  Denies the remaining allegations contained in paragraph 9 of the Complaint, except admits that it sent a letter to plaintiff on or about June 14, 2007 for collection of plaintiff's $7,222.62 balance.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that plaintiff sent defendant a letter, dated June 22, 2007, the contents and legal import, if any, of which is respectfully referred to the Court.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint, except admits that defendant received a letter from plaintiff, dated June 22, 2007, the contents and legal import, if any, of which is respectfully referred to the Court.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint, except admits that Priscilla Hernandez left a message for Plaintiff on or about August 14, 2007.

21. Denies the allegations contained in paragraph 21 of the Complaint.

**FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

22. Repeats, realleges and incorporates by reference its responses set forth above in paragraphs 1 through 21 in response to paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

**SECOND CLAIM: INFLICTION OF EMOTIONAL DISTRESS**

34. Repeats, realleges and incorporates by reference its responses set forth above in paragraphs 1 through 33 in response to paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

39. The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

40. Defendant states that declaratory relief is not available to private litigants under the FDCPA. *Goldberg v. Winston and Morrone,* 1997 WL 13926 (S.D.N.Y. March 26, 1997).

### THIRD AFFIRMATIVE DEFENSE

41. Defendant states that injunctive relief is not available in private actions under the FDCPA. *Sokolski v. TransUnion Corp.,* 178 F.R.D. 373 (E.D.N.Y. 1998).

### FOURTH AFFIRMATIVE DEFENSE

42. Defendant states that Plaintiff fails to state a claim pursuant to the FDCPA because she failed to dispute the validity of her debt within the 30-day validation period. Defendant further states that Plaintiff fails to state a claim under the FDCPA because the statute of limitations does not eliminate a debt. *Freyermuth v. Credit Bureau Services, Inc.,* 248 F.3d 767 (8th Cir. 2001). Defendant further states that it did not contact Plaintiff at unusual hours, use harassing language, harass her, threaten to sue or use false information.

### FIFTH AFFIRMATIVE DEFENSE

43. Defendant states that Plaintiff has failed to state a claim for infliction of emotional distress.

### SIXTH AFFIRMATIVE DEFENSE

44. Defendant states that any amounts recovered by Plaintiff should be set off against the amount she owes on her account.

## SEVENTH AFFIRMATIVE DEFENSE

45. Defendant states that any violation of the FDCPA which it denies occurred was unintentional and occurred in spite of procedures reasonably adapted to avoid such error.

## EIGHTH AFFIRMATIVE DEFENSE

46. Some or all of plaintiff's claims alleged and damages sought are preempted by the federal claims and, as such, no recovery is available.

**WHEREFORE**, Defendant, LTD FINANCIAL SERVICES, LP, respectfully requests that Court dismiss the Complaint in its entirety and grant such other and further relief as this Court deems equitable and just.

Dated: New York, New York
       November 1, 2007

                                Respectfully submitted,

                                HINSHAW & CULBERTSON LLP
                                Attorneys for Defendant
                                LTD FINANCIAL SERVICES, LP

                                By: _____
                                    Concepcion A. Montoya (CM-7147)

                                780 Third Avenue, 4th Floor
                                New York, New York 10017
                                (212) 471-6200

TO:  Shmuel Berel Klein, Esq.
     Law Office of Shmuel Klein, P.C.
     *Attorney for Plaintiff*
     268 Route 59 West
     Spring Valley, New York 10977
     (845) 425-2510